UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.   Case Nos.:   3:15cr16/RV/CJK
                   3:16cv42/RV/CJK

JAVIER MENDEZ-PEREZ
_____/

REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, to which the Government has responded. (ECF Nos. 46, 52). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). The court has confirmed that Defendant was released from the custody of the Bureau of Prisons on February 23, 2017, and he has not provided the court with a forwarding address. *See* https://www.bop.gov/inmateloc/. In addition, his motion is substantively without merit and should be denied.

**BACKGROUND AND ANALYSIS**

On March 17, 2015, Defendant was charged in a single count indictment with illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(1). (ECF No. 10). Defendant entered a plea of guilty pursuant to a written plea agreement and

statement of facts on April 28, 2015. (ECF Nos. 22-24). The final Presentence Investigation Report ("PSR") calculated Defendant's total offense level at 10 and his criminal history at V. (ECF No. 27). The criminal history category included a base offense level of 8, a four-level adjustment because Defendant had previously been deported or remained in the United States after a non-aggravated felony conviction, and a two-level downward adjustment for acceptance of responsibility. (ECF No. 27, PSR ¶¶ 21-29). The court sentenced Defendant at the top of the applicable guidelines range to a term of 27 months imprisonment, which he has served. (ECF No. 30-31).

Defendant's appeal remained pending at the time he filed the instant § 2255 motion, but the judgment and mandate issued soon thereafter. (ECF Nos. 46, 48, 51). The Eleventh Circuit rejected Defendant's challenge to the district court's imposition of a three year term of supervised release and affirmed his sentence.

In his § 2255 motion, Defendant argues that his "prior aggravated/violent offense(s) are no longer predicates based on a new constitutional ruling in the Supreme Court in *Johnson [v. United States*, 135 S. Ct. 2551 (2015)] where petitioner's due process was violated based on a statute that is unconstitutionally vague." (ECF No. 46 at 4). As relief, Defendant asks that the court "vacate, set-aside

or correct judgment and remand for re-sentencing without using the sixteen level enhancement under § 1326(b) and § 16(b)." (ECF No. 46 at 12).

Defendant's claim appears to be based on a mistaken belief that he was charged and sentenced under 8 U.S.C. § 1326(b)(2), which references a prior conviction of an aggravated felony, when he was actually charged and sentenced under 8 U.S.C. § 1326(b)(1). (*See* ECF No. 10, ECF No. 27 at 1, ECF No. 30 at 1). The PSR reflects a four-level enhancement because of Defendant's prior non-aggravated felony conviction (ECF No. 27, PSR ¶ 22), not the sixteen-level adjustment of which he complains. Defendant's total offense level before the adjustment for acceptance of responsibility was only 12. Defendant's claim entirely lacks merit, and his § 2255 motion should be denied in its entirety.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The motion to vacate, set aside, or correct sentence (ECF No. 46) be **DENIED**.

2.  A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 28th day of June, 2018.

/s/ Charles J. Kahn, Jr.
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.